1  BROWN RUDNICK LLP
   JOEL S. MILIBAND, #77438
2  jmiliband@brownrudnick.com
   CATHRINE M. CASTALDI, #156089
3  ccastaldi@brownrudnick.com
   SARA A. MILROY, #238104
4  smilroy@brownrudnick.com
   2211 Michelson Drive
5  Seventh Floor
   Irvine, California  92612
6  Telephone:    (949) 752-7100
   Facsimile:    (949) 252-1514
7
   Special Counsel for Chapter 7 Trustee
8  CHARLES W. DAFF

9

10                 UNITED STATES BANKRUPTCY COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                    SANTA ANA DIVISION

13

14  In re                            CASE NO. 8:10-bk-22458-TA

15  RICHARD JAMES SWINTEK,           CHAPTER 7

16         Debtor.                   ADVERSARY NO. 8:13-ap-01106-TA

17  ─────────────────────────        **TRUSTEE'S MOTION FOR SUMMARY**
                                     **JUDGMENT**
18  KAREN M. GOOD - JUDGMENT
    ENFORCEMENT BUREAU,              JUDGE:    Hon. Theodor C. Albert
19                                   DATE:     May 8, 2014
           Plaintiff,                TIME:     2:00 p.m.
20                                   CRTRM.:   5B
    vs.
21
    CHARLES W. DAFF, CHAPTER 7
22  TRUSTEE,

23         Defendant.

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

1.   SUMMARY OF RELEVANT FACTS ............................................................... 2

2.   LEGAL STANDARD GOVERNING SUMMARY JUDGMENT ...................................... 4

    A.   Summary Judgment Must Be Granted Where the Moving Papers Show That
        No Genuine Factual Dispute Exists And The Moving Party Is Entitled to
        Judgment As A Matter Of Law ...................................................................... 4

    B.   When It Appears By The Moving Papers That A Judgment Should Issue
        For The Moving Party, The Burden Shifts To The Opposing Party To
        Present Specific Facts Showing A Genuine Dispute .................................................. 5

    C.   The Court May Assume That The Material Facts As Claimed And
        Supported By The Moving Papers Exist Without Controversy ................................. 6

    D.   The Party Opposing The Summary Judgment Motion Must Establish The
        Existence of A Disputed Material Fact .................................................................. 7

3.   CREDITOR'S CLAIM FOR DECLARTORY RELIEF FAILS AS A MATTER OF
    LAW ............................................................................................................ 7

    A.   The Separate Property Funds Of Mrs. Swintek, In The Trustee's Possession,
        Are Not Subject To Any Purported Liens ............................................................ 7

        (1)   The Remaining Levied Funds Were Not Subject To The Execution
            Lien ..................................................................................................... 7

        (2)   The Alleged ORAP Liens Did  Not Encumber The Separate
            Property Of Mrs. Swintek And Do Not Encumber Separate Property
            Funds Of Mrs. Swintek In Possession Of The Trustee. ............................... 8

    B.   The ORAP Liens Do Not Create A Lien On Money Or Intangibles Of
        Debtor ........................................................................................................ 8

    C.   The Creditor's Claim Is Barred By Collateral Estoppel And/Or Res Judicata ........ 10

4.   CONCLUSION ................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Aronsen v. Crown Zellerbach*,
   662 F.2d 584 (9th Cir. 1981) ...................................................................................... 5

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................................................................. 5

*In re Entm't Specialties, Inc.*,
   69 B.R. 556 (Bankr. C.D. Cal. 1987) ........................................................................ 5

*Jablon v. Dean Witter & Co.*,
   614 F.2d 677 (9th Cir. 1980) ..................................................................................... 5

*Matsushita Electric Industrial Company Limited v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ................................................................................................. 5

*Mutual Funds Investors v. Putnam Management Company*,
   553 F.2d 620 (9th Cir 1977) ...................................................................................... 7

*Robi v. Five Platters, Inc.*,
   918 F.2d 1439 (9th Cir. 1990) ................................................................................... 5

*Security and Exchange Commission v. Murphy*,
   626 F.2d 633 (9th Cir. 1980) ................................................................................ 5, 6

*State Farm Fire & Cas. Co. v. Westchester Inv. Co.*,
   721 F.Supp. 1165 (C.D.Cal. 1989) ........................................................................... 5

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

11 United States Code § 522(f) ..................................................................................... 3

Federal Rules of Bankruptcy Procedure § 7056 ....................................................... 2, 4

Federal Rules of Civil Procedure, Rule 56 .................................................................. 2

Federal Rules of Civil Procedure, Rule 56(b) ............................................................. 4

Federal Rules of Civil Procedure, Rule 56(c) ............................................................. 7

**OTHER: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

California Code of Civil Procedure § 697.530 ............................................................. 9

California Code of Civil Procedure § 708.120(c) ......................................................... 8

California Code of Civil Procedure § 1800(a)(4) (West Supp.1995)..............................9

California Family Code § 913(b)(1)..........................................................................7

UCC 9-102 (a)(42) ................................................................................................9

**OTHER AUTHORITIES**

California Law Revision Commission Annual Report
    16 Cal. L. Revision Comm'n Reports 2001, 2057 (1982) .....................................9

1  TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE

2  AND ALL PARTIES IN INTEREST:

3      Pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable by Rule 7056

4  of the Federal Rules of Bankruptcy Procedure, Defendant Charles W. Daff, Chapter 7 Trustee of

5  the bankruptcy estate ("Estate") of Debtor Richard James Swintek ("Debtor") seeks summary

6  judgment against Plaintiff and Creditor Karen M. Good ("Creditor").

7      The Creditor asserts only one cause of action for declaratory relief in this adversary

8  proceeding.  The Creditor asks this Court to declare her "lien on the personal property estate assets

9  to be superior to any lien asserted by the Trustee"; to compel the "Trustee to deliver all estate

10  assets to the Plaintiff forthwith plus statutory allowed interest from August 2010 the date of the

11  levy."; and to declare that Creditor's "ORAP lien's [sic] apply to all property of the estate,

12  regardless of whether the property is claimed to be owned, or the property of, Debtor or his wife."

13  [*Good v. Daff*, Adv. No. 8:10-bk-22458-TA ("Adv. Re Trustee"), Dkt. No. 24, Amended

14  Complaint ¶¶ A-C]

15      The Creditor's claim for declaratory relief fails as a matter of law because:

16      • The separate property funds of non-judgment debtor Jane Elizabeth Swintek

17          ("Mrs. Swintek") in the Trustee's possession are not subject to any purported lien;

18          and

19      • ORAP liens do not create a lien on money or intangibles of the Debtor.

20  Accordingly, summary judgment should be granted in favor of the Trustee and against Creditor.

21  1.    SUMMARY OF RELEVANT FACTS

22      Creditor contends that on June 2, 2010, the Superior Court issued a Writ of Execution

23  ("Execution Lien") on her behalf.  [Adv. Re Trustee, Dkt. No. 24, Amended Complaint ¶ 2]

24  Pursuant to the Execution Lien, the Orange County Sheriff's Department levied $66,699.79 from

25  four checking accounts (accounts ending in 16658, 01209, 13959 and 15373) belonging to Mrs.

26  Swintek with Bank of America (the "Levied Funds").  [Good v. Swintek, Adv. No. 8:11-ap-

27  01134-TA ("Adv. Re Swintek"), Dkt. No. 84, Decl of Milner; Declaration of Jane Elizabeth

28  Swintek; Request for Judicial Notice ("RJN") ¶ 7, Ex. 7; Proposed Statement of Uncontroverted

2

1  Facts ¶ 1.]  The Levied Funds were comprised of $26,527.09 of community property funds and

2  $40,173.70 of separate property funds of Mrs. Swintek.  [*Good v. Swintek*, Adv. No. 8:11-ap-

3  01134-TA ("Adv. Re Swintek"), Dkt. No. 84, Decl of Milner; RJN ¶ 7, Ex. 7; Declaration of Jane

4  Elizabeth Swintek; Proposed Statement of Uncontroverted Facts ¶ 2]

5          Creditor contends that on June 30, 2010, the Superior Court issued an Application and

6  Order for Appearance and Examination ("ORAP") directed to Debtor, which Creditor alleges was

7  served on Debtor that same day.  [Adv. Re Trustee, Dkt. No. 24, Amended Complaint ¶3-4]

8          Creditor contends that on August 31, 2010, the Superior Court issued an Application and

9  Order for Appearance and Examination ("Third Party ORAP") directed to Mrs. Swintek, which

10 Creditor alleges was served on Mrs. Swintek and the Debtor on September 2, 2010.  [Adv. Re

11 Trustee, Dkt No. 24, Amended Complaint ¶ 8.]

12         On September 2, 2010 (the "Petition Date"), Debtor filed a voluntary petition for relief

13 under Chapter 7 of Title 11 of the United States Code and filed all required schedules, statements,

14 and related forms ("September Petition and Schedules").  [*In Re Swintek*, Case No. 8:10-bk-

15 22458-TA ("Main Case"), Dkt. No. 1; RJN ¶ 1, Ex. 1; Proposed Statement of Uncontroverted

16 Facts ¶ 3.]

17         On or about November 22, 2010, the Creditor signed a Stipulation by which the Levied

18 Funds were to be released to the Trustee by the levying officer ("Stipulation").  [Main Case, Dkt

19 No. 23; RJN ¶ 2, Ex. 2; Proposed Statement of Uncontroverted Facts ¶ 4.]  On December 8, 2010,

20 the Court issued an Order Approving Stipulation Re Turnover Of Funds And Contents Of Safety

21 Deposit Box ("Order Re: Turnover"), pursuant to which the levying officer released $66,699.79,

22 (the entirety of the Levied Funds), to the Trustee, without reservation, on December 13, 2010.

23 [Main Case, Dkt No. 25, Order Re: Turnover; RJN ¶ 3, Ex. 3; Proposed Statement of

24 Uncontroverted Facts ¶ 5.]

25         On November 4, 2011, the Court issued an Order Granting Debtor's Motion To Avoid Lien

26 Pursuant To 11 U.S.C. § 522(f) (Personal Property) And Authorizing Trustee To Release Exempt

27 Funds To Debtor ("Order Re: Avoidance of Lien"), pursuant to which the Trustee released

28 $21,725.00 of the community property Levied Funds to the Debtor.  [Main Case, Dkt No. 93; RJN

¶ 4, Ex. 4; Proposed Statement of Uncontroverted Facts ¶ 6.] This left $44,974.79 of the Levied

Funds in the Bankruptcy Estate, comprised of $4,801.09 of community property funds and

$40,173.70 of separate property funds of Mrs. Swintek ("Remaining Levied Funds"). [Proposed

Statement of Uncontroverted Facts ¶ 7.] On May 9, 2011, Ms. Good filed a proof of claim, which

made no reference to the alleged Execution Liens or ORAP Liens. [Main Case, Claim Nos. 2-3;

RJN ¶ 5, Ex. 5; Proposed Statement of Uncontroverted Facts ¶ 8.] The sole basis for her "secured"

claim was an Abstract of Judgment against real property subsequently adjudged to be the separate

property of Mrs. Swintek. [Main Case, Claim Nos. 2-3; Proposed Statement of Uncontroverted

Facts ¶ 9.]

On September 27, 2012, the Court issued an Order Granting Motion Of Trustee For

Compromise Of Controversy ("Order Re: Compromise of Controversy"), which approved a

settlement between the Trustee, the Debtor and Mrs. Swintek. [Main Case, Dkt No. 123; RJN ¶ 6,

Ex. 6; Proposed Statement of Uncontroverted Facts ¶ 10.] That settlement provided for the

Trustee to retain $5,098.90 of the "community property" portion of the Remaining Levied Funds

and to receive $54,752.18 of the sole and separate property of Mrs. Swintek ("Settlement"). [Main

Case, Dkt No. 123; Proposed Statement of Uncontroverted Facts ¶ 11.] At the time, the Trustee

already was in possession of $40,173.70 of Mrs. Swintek's separate property funds. [Adv. Re

Swintek, Dkt. No. 84, Decl of Milner ¶28; RJN ¶ 7, Ex.7; Proposed Statement of Uncontroverted

Facts ¶ 12.] Therefore, Mrs. Swintek paid an additional $14,578.48 of separate property funds to

the Bankruptcy Estate to complete the settlement. [Declaration of Jane Elizabeth Swintek;

Proposed Statement of Uncontroverted Facts ¶ 13.] Accordingly, the Trustee currently holds

$59,851.08 in the Bankruptcy Estate, comprised of only $4,801.09 of community property funds.

[Proposed Statement of Uncontroverted Facts ¶ 14.]

2.    LEGAL STANDARD GOVERNING SUMMARY JUDGMENT

    A.    Summary Judgment Must Be Granted Where the Moving Papers Show That No
          Genuine Factual Dispute Exists And The Moving Party Is Entitled to Judgment As
          A Matter Of Law

Rule 56(b) of the Federal Rules of Civil Procedure, made applicable by Rule 7056 of the

1  Federal Rules of Bankruptcy Procedure, provides that:

2         The judgment sought shall be rendered forthwith if the pleadings,
       depositions, answers to interrogatories, and admissions on file,
3         together with affidavits, if any, shows that there is no genuine issue
       as to any material fact and that the moving party is entitled to a
4         judgment as a matter of law.

5        Summary judgment and/or summary adjudication is appropriate on all or any portion of a

6  claim alleged when there is no genuine issue as to any material fact and the movant is entitled to

7  judgment as a matter of law. See *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 591 (9th Cir.

8  1981); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *In re Entm't Specialties,*

9  *Inc.*, 69 B.R. 556, 558 (Bankr. C.D. Cal. 1987). This includes the adjudication of particular issues

10  within a claim. See, *Robi v. Five Platters, Inc.,* 918 F.2d 1439, 1441-1442 (9th Cir. 1990)

11  (summary adjudication of issues, permitted based on collateral estoppel effect of prior

12  proceeding). The movant's entitlement to judgment as a matter of law and the absence of genuine

13  issues of material facts are shown by the pleadings and discovery. See *State Farm Fire & Cas.*

14  *Co. v. Westchester Inv. Co.*, 721 F.Supp. 1165, 1167 (C.D.Cal. 1989).

15        B.    <u>When It Appears By The Moving Papers That A Judgment Should Issue For The</u>

16               <u>Moving Party, The Burden Shifts To The Opposing Party To Present Specific Facts</u>

17               <u>Showing A Genuine Dispute</u>

18        The party seeking summary judgment and/or summary adjudication bears the initial burden

19  of establishing the absence of a genuine issue of material fact. The ultimate burden of

20  demonstrating the existence of a genuine issue of material fact rests with the non-moving party.

21  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). In *Matsushita Electric Industrial*

22  *Company Limited v. Zenith Radio Corp.*, 475 U.S. 574 (1986), the Supreme Court set forth the

23  relative burdens as follows:

24         When the moving party has carried its burden under Rule 56(c), its
       opponent must do more than simply show that there is some
25         metaphysical doubt as to the material facts. . . . In the language of
       the Rule, the non-moving party must come forward with "specific
26         facts showing that there is a *genuine issue for trial*." . . . Where the
       record taken as a whole could not lead a rational trier of fact to find
27         for the non-moving party, there is no "genuine issue of fact."

28  *Matsushita*, 475 U.S. at 586 - 587 (emphasis in original). Similarly, in *Security and Exchange*

1 | *Commission v. Murphy*, 626 F.2d 633 (9th Cir. 1980), the court considered the relative burdens

2 | imposed upon parties to a summary judgment motion and held that once a moving party

3 | establishes its initial burden of proof, the burden shifts to the opposing parties to come forward

4 | with specific facts showing the existence of a genuine issue of material fact.

5 
6 
7 
8 
9 
10 
11 
12 
13 

> The standard for granting summary judgment is well known: Summary judgment is proper only where there is no genuine issue of any material fact or where viewing the evidence and the inferences which may be drawn therefrom in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law. (Citations omitted.) Initially, the moving party has the burden under FRCP 56(c) of showing absence of a genuine issue of material fact, (citations omitted); but if the moving party satisfies the initial burden, ***then the burden shifts to the opponent to come forward with specific facts showing that there remains a genuine factual issue for trial***. FRCP 56(e). The opponent must represent these facts in evidentiary form; he cannot rest on his pleading. *U.S. v. Allen*, 578 F.2d 236 (9th Cir. 1978) . . . Moreover, the evidence he offers in opposition to the motion for summary judgment must be 'significantly probative' as to any fact claimed to be disputed . . . *Ruffin v. Los Angeles County*, 607 F.2d 1276, 1280. (9th Cir. 1979), *Cert. Denied*, 445 U.S. 951 (1980).

14 

15 | *Murphy, supra*, at 640. (Emphasis added.)

16 | The decisions in *Matsushita*, *Celotex*, and *Murphy* reflect the goal to resolve cases and

17 | issues at summary judgment/adjudication rather than litigate a case where there exists but a

18 | scintilla of evidence that creates a hint of genuine issue of fact.

19 |     C.    <u>The Court May Assume That The Material Facts As Claimed And Supported By</u>

20 |         <u>The Moving Papers Exist Without Controversy</u>

21 | Under Local Bankruptcy Rule 7056-1, the Court may assume the facts alleged by a movant

22 | to be material, undisputed, and admitted, ***unless*** the responding party specifically disputes them.

23 
24 
25 
26 

> In determining any motion for summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such facts are (a) included in the 'statement of genuine issues' and (b) are controverted by declaration or other evidence filed in opposition to the motion.

27 | Local Bankruptcy Rule 7056-1.

28 | */ / /*

1    D.    The Party Opposing The Summary Judgment Motion Must Establish The Existence

2          of A Disputed Material Fact

3    FRCP 56(c) makes it clear that in ruling on a motion for summary judgment, the Court

4  need only concern itself with disputed **material** facts.  Thus, the Court need not consider "red

5  herring" arguments asserted in opposition to a summary judgment motion.  The Court, rather, need

6  only consider whether any factual disputes exist that can affect the outcome of the subject

7  litigation.  *Mutual Funds Investors v. Putnam Management Company*, 553 F.2d 620, 624 (9th Cir

8  1977).

9  3.    CREDITOR'S CLAIM FOR DECLARTORY RELIEF FAILS AS A MATTER OF LAW

10    A.    The Separate Property Funds Of Mrs. Swintek, In The Trustee's Possession, Are

11          Not Subject To Any Purported Liens

12    The Creditor's liens, assuming they are valid and enforceable, can only attach to the

13  separate or community property of the Debtor.  See, California Family Code § 913(b)(1).  The

14  funds held by the Trustee are not separate or community property of the Debtor.  In fact, the funds

15  in his possession are the separate property of the non-debtor spouse, Mrs. Swintek.  See, Adv. Re

16  Swintek, Dkt No. 84, Decl. of Milner ¶ 28 ("$40,173.70 was clearly traceable to Mrs. Swintek's

17  sole and separate property"); See also, Main Case, Dkt No. 123; RJN ¶5, Ex. 5, Order Re:

18  Compromise of Controversy (approving and incorporating the settlement agreement, which

19  provided in paragraph 38 that "[t]he Trustee has determined that of the $45,272.60 he is currently

20  holding, $40,173.70 is Mrs. Swintek's sole and separate property..."); See also, Declaration of

21  Jane Swintek.

22          (1)    The Remaining Levied Funds Were Not Subject To The Execution Lien

23    The Writ of Execution attached to four bank accounts containing both community property

24  and separate property of Mrs. Swintek.  The Debtor avoided the Creditor's Execution Lien with

25  respect to $21,725.00 of community funds, which funds were returned to the Debtor pursuant to

26  the Order Re: Avoidance of Lien.  Of the Remaining Levied Funds, $4,801.09 were community

27  property funds and $40,173.70 were the separate property of Mrs. Swintek.  The Creditor's

28  Execution Lien did not attach to the $40,173.70 of separate property funds of Mrs. Swintek, which

1    were released to the Trustee by the Orange County Sheriff.

2              (2)    The Alleged ORAP Liens Did Not Encumber The Separate Property Of

3                     Mrs. Swintek And Do Not Encumber Separate Property Funds Of Mrs.

4                     Swintek In Possession Of The Trustee.

5         The funds currently held by the Trustee are comprised of $54,752.18 of separate property

6    funds received from Mrs. Swintek as part of the Settlement.  The Creditor's alleged Third Party

7    ORAP cannot reach the separate property of Mrs. Swintek, but may create a lien in the judgment

8    debtor's personal property in the possession of Mrs. Swintek.  An ORAP served on a third party,

9    such as Mrs. Swintek, only encumbers property of the judgment debtor that is in that third party's

10   possession.  Such lien does not attach to the third party's separate property.  California Code of

11   Civil Procedure Section 708.120(c) provides:

12              If the property in the third person's possession or control in which
                the judgment debtor has an interest or the debt owed by the third
13              person to the judgment debtor is described in the affidavit or
                application for an order under subdivision (a) in a manner
14              reasonably adequate to permit it to be identified, service of the order
                on the third person *creates a lien on the judgment debtor's interest*
15              *in the property* or on the debt for a period of one year from the date
                of the order unless extended or sooner terminated by the court.
16

17   (emphasis added)

18        Mrs. Swintek's separate property was adjudged to be separate from Debtor's estate, as

19   reflected by the Settlement, Order Re: Compromise of Controversy [Main Case Dkt No. 123; RJN

20   ¶5, Ex. 5] and the Statement of Decision After Trial entered on September 9, 2012. [Adv. Re

21   Swintek Dkt No. 101]  Accordingly, the Third Party ORAP lien does not extend to the $54,752.18

22   of Funds held by the Trustee that are comprised of Mrs. Swintek's sole and separate property.

23        B.    The ORAP Liens Do Not Create A Lien On Money Or Intangibles Of Debtor

24        The Creditor's ORAP Liens have no impact on the funds held by the Trustee, regardless of

25   the separate or community nature of those funds, because an ORAP Lien does not create a lien on

26   ///

27   ///

28   ///

8

1    intangibles or money, of a debtor[1].   An ORAP lien is a judicial lien.  Cal.Civ.Proc.Code §

2    1800(a)(4) (West Supp.1995) (A judicial lien is one "obtained by judgment, levy, sequestration, or

3    other legal or equitable process or proceeding.").  Pursuant to California Code of Civil Procedure

4    Section 697.530, a judicial lien is a lien only on the following personal property:

5                 (1) Accounts receivable.

6                 (2) Chattel paper.

7                 (3) Equipment.

8                 (4) Farm products.

9                 (5) Inventory.

10               (6) Negotiable documents of title.

11    The California Law Revision Commission explained in its annual report that:

12              Section 697.530 specifies the types of personal property that are
subject to a judgment lien. Under subdivision (a), the property

13              subject to a judgment lien must be property of the described kind in
which a security interest could be perfected by filing a financing

14              statement with the Secretary of State. Thus, for example, ***money,
instruments and securities that do not constitute part of chattel***

15              ***paper***, and letters and advices of credit are omitted from subdivision
(a)…

16

17    *Annual Report*, 16 Cal. L. Revision Comm'n Reports 2001, 2057 (1982) (emphasis added).

18        The Trustee received $54,752.18 of separate property funds from Mrs. Swintek, in order to

19    settle any claims held by the bankruptcy estate against her.  Regardless of the community or

20    separate property nature of those funds, the Credtior's ORAP does not encumber the funds because

21    money is not "personal property" subject to an ORAP lien.  Furthermore, the fact that the money

22    was paid to the bankruptcy estate to settle potential claims against Mrs. Swintek means the

23    Creditor's ORAP Liens do not apply, because a claim is a "thing in action," which is a general

24    intangible, not subject to an ORAP lien. See, CCP §§ 481.115, 680.210 and 697.530; See also,

25    / / /

26

27

28

---

[1] A general intangible is defined as "any personal property, including things in action."  UCC 9-102 (a)(42).

1   UCC-9-102(a)(42). Accordingly, any money of the Debtor now in the possession of the Trustee is

2   not subject to the Creditor's ORAP Liens.

3         C.     <u>The Creditor's Claim Is Barred By Collateral Estoppel And/Or Res Judicata</u>

4        The Creditor is barred by the principles of collateral estoppel and/or res judicata from

5   asserting lien rights against Mrs. Swintek's separate property. As detailed above, Mrs. Swintek's

6   separate property was adjudged to be separate from Debtor's estate, as reflected by the Settlement,

7   Order Re: Compromise of Controversy and the Statement of Decision After Trial entered on

8   September 9, 2012 in the adversary proceeding between Creditor and Debtor as Docket No. 101.

9   4.    <u>CONCLUSION</u>

10       For all the foregoing reasons, the Trustee requests that the Court grant this Motion for

11   Summary Judgment on all claims asserted against Plaintiff on the grounds that no genuine issues

12   of material fact remain to be litigated and that the Trustee is entitled to judgment as a matter of

13   law.

14   DATED: February 18, 2014          Respectfully submitted,

15                           BROWN RUDNICK LLP

16

17

18                          By:    *Sara A. Milroy*
                            SARA A. MILROY

19                             Special Counsel for Chapter 7 Trustee
                            CHARLES W. DAFF

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is Von Karman Towers, Seventh Floor, 2211 Michelson Drive, Irvine, California 92612.

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S MOTION FOR SUMMARY JUDGEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 18, 2014 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Cathrine M Castaldi          ccastaldi@rusmiliband.com
Charles W Daff (TR)          charlesdaff@yahoo.com, c122@ecfcbis.com
Karen Good                   karen@judgmentbureau.com, kgood@judgmentbureau.com
Joel S. Miliband             jmiliband@rusmiliband.com
United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 18, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 18, 2014, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Theodor C. Albert
U.S. Bankruptcy Court
Ronald Reagan Federal Building
Bin beside 5th Floor Elevators
411 W. Fourth Street
Santa Ana, CA 92701-4593

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 18, 2014 | Michelle L. LaClair | *signature* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June .PROOF.SERVICE